### In re ORION REFINING CORPORATION, Debtor.

### No. 03–11483(CGC).

United States Bankruptcy Court, D. Delaware.

Dec. 9, 2004.

Robert J. Dehney, Eric D. Schwartz, Gregory W. Werkheiser, Gilbert P. Saydah, Jr., Sean P. Haney, Morris, Nichols, Arsht & Tunnell, Wilmington, DE, for Cypress Associates, LLC, as the ORC Distribution Trust Representative.

John C. Phillips, Jr., Brian E. Farnan, Phillips, Goldman & Spence, P.A., Wilmington, DE, Darryle T. Landwehr, Landwehr & Hof, New Orleans, LA, for St. Charles Parish School Board.

### MEMORANDUM DECISION

CHARLES G. CASE, II, Bankruptcy Judge.

Before this Court are three Proofs of Claim, Nos. 302, 677 and 1005, filed by St. Charles Parish School Board (the "St Charles") against the Orion Refining Corporation ("Orion" or the "Debtor") in the amount of $1,035,331.74 for sales and use tax deficiencies related to St. Charles for the period December 19, 1998 to December 31, 2002. The Debtor filed a non-substantive objection to the proofs of claim as being late filed (Docket No. 1264) which is opposed by St. Charles (Docket No. 1292). For the reasons set for below the Debtor's objection to St. Charles' Proofs of Claim is sustained in part and overruled in part.

### BACKGROUND AND FACTS

On May 13, 2003, the Debtor commenced its bankruptcy case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

On June 11, 2003, the Debtor filed its Global Notes To Schedules Of Assets And Liabilities And Statement Of Financial Affairs Of Orion Refining Corporation (Docket No. 227). Listed on page 110 of the Debtor's Schedule E, "Creditors Holding Unsecured Priority Claims, Taxes and Certain Other Debts Owed to Governmental Units," is the "St. Charles Parish School Board Sale & Use Tax Department, P.O. Box 46, Luling, LA 70070, Priority Tax, Total Amount of Claim $732,147.00, Total Amount Entitled to Priority $732,147.00." (Docket No. 227).

Almost two months later, on August 4, 2004, the Debtor filed its First Amendments to Schedules of Assets and Liabilities (Docket No. 428). In that filing, without explanation, St. Charles' priority tax claim is no longer listed on the Debtor's First Amended Schedule E, Creditors Holding Unsecured Priority Claims, Taxes and Certain Debts Owed to Governmental Units.[1] (See Docket No. 428, page 110).

---

**1.** This was not brought to the Court's attention until oral argument at the September 14, 2004 hearing.

On July 29, 2003, the Court entered an order establishing September 22, 2003 as the deadline for filing proofs of claim (the "Initial Bar Date") (Docket No. 419). On February 17, 2004, a second supplemental order was entered to correct the address listed for by hand courier or overnight service of proofs of claim upon the Debtor's claims agent, this order established March 15, 2004 as the bar date for filing proofs of claim ("Second Supplemental Bar Date") (Docket No. 1045).

On September 19, 2003, St. Charles filed a proof of claim, claim number 302, in the amount of $1,233,753.25. The priority box on the proof of claim form was not checked. It is undisputed that this proof of claim was timely filed.

Because the Initial Bar Date Order contained an incorrect address for delivery of the proofs of claim, a subsequent order was entered on November 5, 2003 establishing December 5, 2003 as the supplemental bar date for filing proofs of claim (the "Supplemental Bar Date") (Docket No. 692). This order applied to claims that should have been filed by the Initial Bar Date but were not received or not timely received. Claimants could re-file their proof of claim, accompanied by a certification that the claim holder attempted to file the proof of claim on or before the Initial Bar Date but believed it was prevented from doing so as a result of the incorrect courier address.

On December 5, 2003, St. Charles filed a proof of claim, claim number 677, which was identical to proof of claim number 302; the proof of claim was re-filed because of the incorrect address used for proof of claim number 302. It is undisputed that claim number 677 and claim number 302 are duplicate claims and that priority box is not checked in either one.

On February 19, 2004, the Court entered an Order Establishing a Second Sup-

plemental Bar Date for March 15, 2004, because once again the addresses for delivery of proof of claims was incorrect. The Second Supplemental Bar Date applies in the same manner as the Supplemental Bar Date.

On March 11, 2004, St. Charles filed an amended proof of claim, claim number 1005, in the amount of $1,233,753.25, this time the unsecured priority box was checked and St. Charles indicated that the priority amount was $1,035,331.74. The amendment reflected an amendment to the limit of the unsecured priority claim to the principal amount of the taxes, to-wit, $1,035,331.47, and to eliminate the amount of the penalty from such priority claim and render the penalty amount as unsecured.

On May 25, 2004, the Debtor filed its Second Omnibus (Non–Substantive) Objection to Claims, seeking to disallow and expunge claim numbers 677 and 1005 as late filed claims.

In it opposition dated June 14, 2004, St. Charles alleges that the claim was clearly a priority tax claim, it was indicated on the Debtor's schedules as a priority tax claim, and that the claim was not disputed, contingent, or unliquidated. St. Charles asserts that it was not required to filed a proof of claim; however, it chose to file the proof of claim because the amount on the schedule was incorrect. Moreover, St. Charles states that the amended proof of claim merely corrected the amount originally indicated on the proof of claim— which remained at all times a priority tax claim.

On June 21, 2004, the Debtor's sought leave to file a reply, which was granted by this Court. The next day, St. Charles filed a sur-reply, to which the Debtor did not object.

At the June 24, 2004 omnibus hearing, the Court indicated it would review all

relevant pleadings and take the matter under advisement. However, the Court granted St. Charles' request for oral argument and a hearing was scheduled for July 12, 2004—which was rescheduled at the request of St. Charles.

On July 29, 2004, St. Charles filed a Motion for Leave to File a Rebuttal to the Debtor's Reply, which was withdrawn and St. Charles filed, on August 2, 2004, an Amended Motion because it inadvertently failed to file Exhibit 1 and Affidavit of Patrick Johnson regarding the preparation of the tax deficiency report. ORC objected on the grounds the motion is untimely, St. Charles already filed a reply, and a rebuttal should not be allowed; in addition, if the motion was granted, ORC requested leave to file a response. The local rules of this district prohibit rebuttal papers. By Order dated August 8, 2004, the amended motion was denied.

One day before the rescheduled hearing, St. Charles filed an Affidavit of Patrick Johnston in Support of Motion of St. Charles Parish School Board for Leave to File Rebuttal Memorandum. At the September 14, 2004 hearing, the Court stated that any further attempts to file papers on this matter would be denied. Thus, the affidavit of Patrick Johnston is not before this Court.

This Motion has been fully briefed, the parties have presented oral argument on the issue, and the matter is ripe for adjudication.

### JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

### DISCUSSION

#### I. *Introduction*

The simple questions presented here are whether St. Charles' claim should be addressed on the merits or disallowed for procedural reasons. The facts stated above demonstrate an unusual amount of confusion and potentially misleading orders relating to bar dates. Under these circumstances, disallowance for technical reasons is disfavored unless compelling factors are present. They are not; therefore, the non-substantive objection will be overruled.

#### II. *Initial Bar Date Order*

St. Charles argues that, pursuant to the Debtor's Initial Bar Date Order, it was not required to file a proof of claim because its claim was listed on the Debtor's schedules of assets and liabilities as a "priority tax claim," and that the claim was not disputed, contingent, or unliquidated. In relevant part, the Initial Bar Date Order states:

> Persons and entities holding or asserting the following types of Prepetition Claims against the Debtor are *not* required to file a proof of claim:
>
> > (b) Any Prepetition Claim (i) which is listed on the Schedules, (ii) which is *not* described in the Schedules as "disputed," "contingent" or "unliquidated" *and* (iii) as to which Prepetition Claim the holder of such Prepetition Claim does not dispute the amount, priority, status or nature of the claim as set forth in the Schedules.

(See Docket No. 419, page 3). However, St. Charles argues that it filed a proof of claim because it believed the amount listed on the schedules was incorrect—Claim 302 provided a record of the tax amounts owed.

The Debtor argues that, although the claim was listed on the Debtor's schedules, it was not listed on the Debtor's amended

schedules, thus, if St. Charles believed it had a priority claim it was required to file a proof of claim accordingly.

It is undisputed that the Debtor's listed the tax claim of St. Charles as a priority claim in the amount of $732,147.00 on its original Schedule E. Without explanation, this claim was removed from the Debtor's First Amendments to Schedules of Assets and Liabilities. At the hearing held on September 14, 2004, Debtor's counsel, when asked, could not provide a reason as to why the claim was removed from the schedule, but alluded to the fact that it was due to St. Charles' proof of claim. Although St. Charles has not argued that it did not receive the amended schedules, when asked by the Court, Debtor's counsel represented to the Court that the amended schedules were served on counsel for St. Charles. Upon review of the notice of electronic filing, neither the original schedules nor the amended schedules were served electronically on counsel for St. Charles. Furthermore, upon review of the notice of service for the original schedules and amended schedules, service by first class mail was made on lead counsel for St. Charles, but at an incorrect address;[2] local Delaware counsel for St. Charles was not served.

### III. *Proof of Claim 677*

█ Both parties concede that St. Charles' proof of claim number 302 was timely filed. Both parties concede that proofs of claim 677 and 302 are duplicate claims. Thus, the Debtor's objection to claim number 677 is sustained, and claim number 677 will be disallowed and expunged.

### IV. *Proof of Claim Number 1005*

Although the parties agree that claim 302 was timely filed, the parties disagree as to whether St. Charles' claim number 1005 is an amended proof of claim that relates back to claim 302 or whether it is a new claim. Thus, the crux of this issue turns on the fact that claim number 302 did not have the priority box checked while the claim number 1005 did.

█ It is well settled that, amendments to timely proofs of claim are liberally allowed. *In re Trans World Airlines, Inc.,* 145 F.3d 124, 140 (3d Cir.1998). Two rationales for allowing amendments to proofs of claim are that (1) bankruptcy courts are courts of equity, and (2) amendment of a claim are likened to an amendment of a pleading. *E.g., In re Walls & All, Inc.,* 127 B.R. 115, 118 (W.D.Pa.1991). Generally, amendments are allowed when the original claim provides notice of the existence, nature, and amount of the claim. *Id.* Amendments are generally used to cure obvious defects, describe the claim with greater specificity or plead a new theory of recovery on facts of the original proof of claim. *Id.* Post-bar date amendment should be scrutinized to ensure that the amendment is not a new claim. *Id.* While courts allow post-bar date amendment to claim amounts, courts do not allow post-bar amendment to change status of the claim. *Id.*

█ The Debtor urges that this case is "identical to the fact patterns before the courts in *Metro Transportation* and *Walls & All.*" The facts in both of those cases are clearly distinguishable from the facts in this case. In the *In re Walls & All, Inc.* case, the creditor filed a motion to amend its proof of claim after the bar date had passed from an unsecured claim to priority claim on the grounds that it acquired its

---

**2.** Darryl T. Landwehr, Esq., Landwehr and Hof, 222 Baronne Street, Suite 2116, New Orleans, LA 70112. The correct address is 225 Baronne Street.

claim from an assignment and not by subrogation. 127 B.R. 115, 118 (W.D.Pa.1991) (The court determined that it was the creditor's negligence in categorizing its claim and that its amendment was a new claim, thus, the creditor should not be allowed to elevate its claim to the detriment of other creditors.) In the *In re Metro Transportation Company* case, the creditor filed four proofs of claim, for delinquent premiums for worker's compensation insurance, each for an amount owed on a different date; two claims were timely filed and two claims were filed after the bar date. 117 B.R. 143, 144 (Bankr. E.D.Pa.1990) (the issue was whether the two claims filed after the bar date were amendments to the timely filed claims, and whether the creditor's claims were entitled to priority.) In neither of those cases had the debtors scheduled the creditor's claims. In neither of those cases did the creditor allege that it mistakenly failed to check the priority box. However, in both of those cases, the creditor clearly sought to have their claims reclassified. *See In re Metro Transportation Company*, 117 B.R. at 148 ("Reclassifying the claim as a priority claim impacts the Debtor's Plans and the distributions to be paid to the other creditors under the Plan."); *In re Walls & All, Inc.* 127 B.R. at 118 ("Reclassification of the claim would result in prejudicial alteration of the amounts recoverable by other creditors of the debtor.") This is not the case here.

The Debtor is arguing form over substance. Here the claim was included on the Debtor's schedules as a priority tax lien. It was not listed as disputed, contingent or unliquidated. For reasons not provided to this Court, the Debtor removed St. Charles' unsecured priority tax claim from its amended schedules. It is unclear why St. Charles' priority claim was removed from the schedules, or whether St. Charles was aware that its claim was removed. Relying on the original sched-

ules filed by the Debtor and the Debtor's Initial Bar Date Order St. Charles was not required to file a proof of claim. However, St. Charles filed its proof of claim to indicate that the amount on the Debtor's schedule was incorrect. It is reasonable to conclude that St. Charles mistakenly forgot to check the priority box on the proof of claim form. Claim 1005 is not a "new claim" in that it is identical to Claim 302, except with respect to the correction—the checked priority box and amount. It is reasonable, based on the documentation attached to the proof of claim and the Debtor's schedules, that the Debtor's had notice that St. Charles had a priority tax claim, and was not asserting an general unsecured tax claim.

The St. Charles clearly intended its claim to be priority tax claim. St. Charles was not trying to change the status of its tax claim, but it was merely correcting the claim amount, and in doing so mistakenly failed to check the priority box. There appears to be no prejudice to the Debtor, and the Debtor has indicated that it will avail its self of any rights it has to object to the tax claim on the merits. Therefore, the non-substantive objection will be overruled.

### CONCLUSION

For the reasons set forth above the Debtor's objection to St. Charles' proofs of claim will be sustained in part, and overruled in part. The Debtor's objection to claim number 677 will sustained, and claim number 677 will be disallowed and expunged. The Debtor's objection to claim number 1005 will be overruled without prejudice.

An order is to be submitted under certification of counsel.